## PHILIP HENNESSY *vs.* O. R. WOOD.

Plaintiff was convicted of a misdemeanor in the Police Court, gave notice of appeal, and deposited the amount of his fine in the hands of the Deputy Sheriff, to be restored if plaintiff was acquitted above; having neglected to perfect his appeal, held, that he could not recover back his money.

The plaintiff was convicted in the Police Court of Honolulu, in May last, of selling spirituous liquors to natives, and fined two hundred dollars, or to be imprisoned. To avoid the imprisonment, he deposited in the hands of the defendant, who is Deputy Sheriff, the amount of his penalty, and took a receipt from Wood providing that the money should be restored to him provided the prosecution should fail to convict him of the charge on his appeal to the Supreme Court. The plaintiff alleged that he appeared at the ensuing term of the Supreme Court and was not convicted, and therefore that the defendant was bound to restore him the two hundred dollars with interest. In answer to this it was contended for the defendant that the plaintiff had neglected to take his appeal, as required by statute, and therefore that Hennessy could not be tried and convicted; that the plaintiff ought not to be allowed to avail himself of his own negligence and recover back his money. The Court charged the jury that if the plaintiff had failed to comply with the statute in taking his appeal, the fault was his own, and he ought not to recover. Verdict for the defendant.

Mr. Blair for plaintiff.

Mr. Bates for defendant.

---

## B. F. SNOW *vs.* LYMAN SWAN and O. G. CLIFFORD.

The buyer of goods, upon the discovery of their insufficiency, is bound to give notice to the vendor that they do not conform to the contract, or his silence may be interpreted as a waiver of all right to complain of the goods, and will afford a presumption that they corresponded to the agreement.

This was an action brought to recover the price of certain coals. The defence was, that the coals fell short of the amount sold, some twelve tons, and the point in dispute was who should suffer the loss of the deficiency. This was a long and important case, involving many points of law. One point decided by the Court was to the following effect: that the buyer of goods, upon the discovery of their insufficiency, is bound to give notice to the vendor that they do not conform to the contract, or his silence may be interpreted as a waiver of all right to complain of the goods, and will afford a presumption that they corresponded to the agreement. The jury, after an absence of several hours, returned a verdict in favor of the plaintiff for $1300, thereby throwing the loss of the deficiency upon the defendants.

Mr. Bates for the plaintiff.

Mr. Blair for defendants.